**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.T., P.S., and K.W.**

**No. 21-0059** (Raleigh County 19-JA-174-P, 19-JA-175-P, and 19-JA-176-P)

**MEMORANDUM DECISION**

Petitioner Mother C.S., by counsel Stanley I. Selden, appeals the Circuit Court of Raleigh County's December 14, 2020, order terminating her parental rights to L.T., P.S., and K.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), John F. Parkulo, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner abused substances, including alcohol, and exposed the children to domestic violence. The DHHR had been involved with the family since December of 2018 when petitioner tested positive for opiates, amphetamine, and tetrahydrocannabinol ("THC") upon giving birth to K.W. In April of 2019, petitioner tested positive for cocaine, and in July of 2019, petitioner overdosed on narcotics and was revived with naloxone. After petitioner returned from the hospital, the DHHR followed up with a home visit, and a worker found visible bruises on petitioner as well as on P.S. Additionally, both P.S. and L.T. disclosed witnessing domestic violence in the home. Then five-year-old P.S. reported that petitioner grabbed her by her hair and threw her, and the worker observed a large knot and bruise on P.S.'s forehead. Then eleven-year-old L.T. confirmed the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

incident to the worker. The DHHR alleged that petitioner failed to take P.S. to seek medical care for the knot and bruise. During her interview concerning the July of 2019 incident, petitioner admitted to fighting with K.W.'s father about money and stated that she passed out after drinking a bottle of liquor. She told the worker that after she passed out, she woke up when paramedics revived her. According to the DHHR worker, petitioner had a visible black eye and other bruises.

The circuit court held an adjudicatory hearing in September of 2019, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted the stipulation and adjudicated petitioner as an abusing parent. The circuit court further granted petitioner a post-adjudicatory improvement period, the terms of which included random drug screening, supervised visitations, domestic violence counseling, a forensic psychological evaluation, and parenting and adult life skills sessions. Petitioner completed her forensic psychological evaluation in November of 2019. According to the evaluation, petitioner's prognosis for future attainment of minimally adequate parenting was "guarded," which meant that "there [were] significant problems in the case" that could be barriers for petitioner. The circuit court held a review hearing upon petitioner's progress in December of 2019. The DHHR voiced concerns with petitioner's ongoing positive drug screens for alcohol and THC, and petitioner admitted to failing seventeen screens. The court stated to petitioner, "[c]ontinued failing at the rate you're doing is ultimately going to lead to the termination of your parental rights." Petitioner responded, "I know that." The circuit court then ordered that petitioner's post-adjudicatory improvement period continue.

Due to the COVID-19 pandemic and the judicial emergency, the review hearing set for March of 2020 was cancelled and rescheduled for July of 2020. At the hearing, the DHHR indicated that petitioner tested positive for nonprescribed morphine in May of 2020 and continued to test positive for alcohol. Despite these positive drug and alcohol screens, the DHHR recommended that petitioner's improvement period be extended. Petitioner proffered that she had completed all but four of her SAFE program classes, which address domestic violence and anger management. She also stated that her twelve-step program for drug counseling had been temporarily suspended due to the COVID-19 pandemic. In light of certain services being suspended and petitioner's progress in some aspects of her case plan, the court granted petitioner an extension of her improvement period. However, the court ordered petitioner to immediately enroll in inpatient treatment to address her alcohol and substance abuse if she tested positive for alcohol or illicit drugs in the future. The court noted that missed drug screens or administrative positives due to diluted samples would be considered as attempts to evade a positive drug or alcohol screen.

The court held a final review hearing in October of 2020 to address petitioner's progress made during her improvement period. Petitioner failed to appear, but counsel represented her. The record gives no explanation for petitioner's absence. The court then set the matter for disposition.

In December of 2020, the circuit court held a final dispositional hearing. The DHHR worker testified that petitioner stopped submitting to drug and alcohol screens on August 25, 2020, which resulted in the suspension of petitioner's supervised visitations. Petitioner also stopped attending her SAFE program classes on August 29, 2020. The DHHR worker testified that the children had been in the DHHR's custody for the previous seventeen months. He also stated that despite learning that petitioner enrolled into a twenty-eight-day drug rehabilitation program on

November 17, 2020, he maintained his position that terminating petitioner's parental rights was in the children's best interests. On cross-examination by the guardian, the worker answered that petitioner's improvement period and extension thereof had expired by its own terms.

Petitioner testified that she relapsed in October of 2020, and then entered a fourteen-day drug detoxification program in Lewisburg, West Virginia. She stated that she missed the final review hearing in October of 2020 because she was enrolled in this program. After completing that program, petitioner stated that she stayed with her mother for a week and then entered into another program in Fairmont, West Virginia, on November 17, 2020. She stated that the estimated discharge date was December 15, 2020. On cross-examination, petitioner stated that she did not tell her attorney that she would not be present for the October of 2020 hearing due to the drug detoxification in Lewisburg, West Virginia. When the court asked petitioner whether she had any documentation or further proof of her completion of drug detoxification and enrollment in her current program, she stated that she did not.

Ultimately, the court found that petitioner failed to substantially comply with the terms of her case plan. Petitioner continued to test positive for drugs and alcohol throughout the proceedings and did not enroll in an inpatient drug rehabilitation program until faced with termination. The circuit court found that the children deserved permanency and could no longer wait on petitioner to address her drug and alcohol addiction. The court found that there was no substantial likelihood that petitioner could improve her parenting deficiencies in the near future and terminated her parental rights by order entered on December 14, 2020.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]L.T.'s father's parental rights were terminated below. P.S.'s father's parental rights remain intact, but respondents indicate that the father plans to relinquish his parental rights to P.S. The permanency plan for L.T. and P.S. is adoption by the maternal aunt. K.W. was reunified with his father, who successfully completed an improvement period and was dismissed from the proceedings.

On appeal, petitioner argues that the circuit court improperly terminated her parental rights when her post-adjudicatory improvement period and extension thereof had not been terminated. Petitioner cites West Virginia Code § 49-4-610(7), which provides that

> [u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period or has satisfied the terms of the improvement period to correct any behavior alleged in the petition or amended petition to make his or her child unsafe.

Although petitioner is correct that no party moved to terminate her improvement period, there was no need to do so as the improvement period expired. We disagree with petitioner's logic that improvement periods are indefinite until and unless they are terminated by motion. A post-adjudicatory improvement period is "not to exceed six months" and extensions are not to "exceed three months." *See* W. Va. Code §§ 49-4-610(2) and (6). Additionally, West Virginia Code § 49-4-610(9) places time limits on improvement periods. Instead, we agree with the circuit court's finding that petitioner's post-adjudicatory improvement period expired by its own terms and, therefore, did not need to be terminated. The court held a final review hearing in October of 2020—the end of petitioner's post-adjudicatory improvement period. Therefore, petitioner's contention that a party was required to move to terminate her post-adjudicatory improvement period before the court could move forward with disposition is misplaced, and petitioner is entitled no relief in this regard.

We next address petitioner's argument that the circuit court erred in terminating her parental rights when she was enrolled in drug treatment at the time of the dispositional hearing. Essentially, petitioner argues that she substantially complied with the terms and conditions of her case plan, as she completed five of its six goals. In her brief, petitioner states "[t]he last remaining goal, admittedly the most important goal, was for her to get herself off of drugs or alcohol." Petitioner concedes in her brief that she relapsed in October of 2020 and stopped participating in services. Nonetheless, petitioner argues that the circuit court should have given her more time to complete the drug rehabilitation program before terminating her parental rights.

West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(d)(3), a circuit court may determine that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

4

As outlined above, the evidence demonstrates that petitioner failed to respond to or follow through with a reasonable family case plan. Although petitioner complied with several aspects of the case plan, including completing the forensic psychological evaluation and some SAFE classes and some counseling, petitioner ceased participation in services including drug screening in August of 2020. Petitioner concedes that she relapsed in October of 2020, however, petitioner failed to stay in contact with her counsel and the DHHR regarding this relapse and her alleged actions taken regarding drug rehabilitation. As noted by the circuit court, petitioner provided no confirmation that she completed drug detoxification and was actively enrolled in another drug rehabilitation program. Furthermore, the evidence supports the termination of petitioner's parental rights as necessary for the children's welfare, as the court found that they required permanency that could not be achieved due to petitioner's refusal to correct the conditions of abuse and neglect at issue.

Most importantly, petitioner's argument that the circuit court should have allowed her additional time to address her substance abuse wholly disregards the children's best interest as well as the statutory timeframes for child abuse and neglect matters.

> Notwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

W. Va. Code § 49-4-610(9). According to the record, by the time of the dispositional hearing in December of 2020, the children had been placed in the DHHR's custody for more than seventeen months. Therefore, the children's permanency was already delayed and outside the statutory timeframes. The children deserve permanency and stability and should not be forced to wait in perpetuity for petitioner to address her drug and alcohol addiction. We have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child[ren] will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). As such, it is clear that that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and the children's welfare required termination of petitioner's parental rights.

Furthermore, based upon these findings, petitioner was not entitled to a less-restrictive dispositional alternative. We have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011).

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 14, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: October 13, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton